UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| BILLY JOE SILCOX, | ) |
| | ) |
| Plaintiff, | ) No. 1:12-cv-00002 |
| | ) Judge Haynes |
| v. | ) |
| | ) |
| STEPHEN DOTSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Billy Joe Silcox, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 (Docket No. 1) against the Defendants: Stephen Dotson, Betty Hammond, Marla Ernest, Jennifer Williams, Dr. Tracela Walker, and Corrections Corporation of America (CCA).[1] (*Id.*) Plaintiff seeks monetary damages and his "points dropped back down to where they was [sic] before refusing cell assignment." (*Id.* at p. 5).

According to the complaint, Defendant Dr. Tracela Walker allegedly took Plaintiff off his acid reflux medicine twice while Plaintiff was at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. Plaintiff alleges that inmates in segregation at the SCCF "are being denied religious matters" because the chaplain does not make weekly rounds in segregation. Plaintiff also alleges that Betty Hammond "slandered" the Plaintiff "to Steve Nixon" and this slander prevented the Plaintiff from being transferred to another facility. (Docket No. 1)(page not numbered).

---

[1]The complaint does not provide the occupations of all of the individual Defendants, although the complaint states that all of the individual Defendants are employees of "Whiteville," presumably meaning the Hardeman County Correctional Facility. (Docket No. 1)(page not numbered).

Under the Prison Litigation Reform Act (PLRA), the district court must screen any complaint filed by a prisoner against a governmental entity or official or employee of a governmental entity before the complaint is filed or as soon as practicable after docketing. 28 U.S.C. § 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, the court "shall" identify cognizable claims or dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *McGore*, 114 F.3d at 612. Thus, the Court must screen the Plaintiff's complaint.

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Finally, the plaintiff's factual allegations must describe a "plausible" basis for the violation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's first claim is that Defendant Dr. Tracela Walker "took the Plaintiff off" his acid reflux medicine twice while he was incarcerated at the South Central Correctional Facility. No other information is provided in support of this allegation. To establish a violation of his constitutional rights resulting from a denial of medical care, a plaintiff must show that prison

officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Plaintiff's sparse allegations do not state an Eighth Amendment claim. The Plaintiff has not alleged that he had a serious medical need requiring the use of acid reflux medication. Nor does the Plaintiff allege that he suffered any harm as a result of deprivation of the medicine by any Defendant. Thus, the Court concludes that this claim fails to state a claim upon which relief can be granted as to all Defendants.

Plaintiff's second claim is that inmates in segregation at SCCF "are being denied religious matters" because the chaplain does not make weekly rounds in segregation. The Court construes the Plaintiff's claim as alleging a violation of his First Amendment rights to freedom of religion. However, even if the Plaintiff's complaint stated a viable First Amendment claim based on the Plaintiff's alleged inability to receive visits by the chaplain while in segregation, the Plaintiff's claim is moot. By his own acknowledgment, the Plaintiff is no longer an inmate at the facility where he claims he was in segregation and unable to receive chaplain visits. Thus, this claim must be dismissed. *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996)(finding that § 1983 claims brought

against prison for searching plaintiff's mail were "now moot as [plaintiff] is no longer confined to the institution that searched his mail.").

Finally, Plaintiff alleges that Betty Hammond "slandered" the Plaintiff "to Steve Nixon" and this slander prevented the Plaintiff from being transferred to another facility. The complaint provides no other facts in support of this allegation. The Court understands the Plaintiff to be complaining that a statement by Defendant Hammond in some way prevented the Plaintiff from being transferred to a facility more desirable to the Plaintiff.

However, inmates have no constitutional right to be confined in any particular prison. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)(superseded by statute on other grounds); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Therefore, even if a statement or act by Defendant Hammond resulted in the Plaintiff not being transferred to the facility of his choice, the Plaintiff has failed to state a claim upon which relief can be granted because he has no constitutional right to choose his site of imprisonment.

For the reasons explained herein, the Plaintiff's § 1983 claims against all Defendants fail to state claims upon which relief can be granted; therefore, all claims will be dismissed with prejudice.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge